IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY, et al.,

       Plaintiffs,                No. CIV S-09-1935 GEB DAD PS

    v.

UNITED STATES, et al.,

       Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiffs Sergei Portnoy and Elena Portnoy are proceeding pro se with this action and have paid the required filing fee. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

       Plaintiffs seek declaratory and injunctive relief, including a writ of mandamus, for alleged violations of due process and deprivations of property, liberty, and the right to vote. Plaintiffs challenge various actions by defendants, including an August 30, 2004 order finding plaintiff Elena Portnoy removable and ineligible for adjustment of her immigration status. Plaintiffs indicate that plaintiff Elena Portnoy was recently arrested pursuant to that order.

       Plaintiffs have been litigating Elena Portnoy's immigration status since at least 2001. (See Compl. at 4-5.) Litigation has taken place in the Ninth Circuit Court of Appeals and in the United States District Court for the Northern District of California, as well as in the United

1

1  States District Court for the Eastern District of California.  In the Eastern District of California,
2  plaintiffs' previous cases regarding Elena Portnoy's immigration status are (1) <u>Portnoy, et al. v.</u>
3  <u>United States, et al.</u>, case No. CIV S-05-0649 DFL KJM PS, filed on April 4, 2005 and dismissed
4  on September 26, 2006; and (2) <u>Portnoy, et al. v. United States of America, et al.</u>, case No. CIV
5  S-08-1266 MCE GGH PS, filed on June 6, 2008 and dismissed on April 6, 2009.

6        In case No. CIV S-05-0649, plaintiffs' claims concerning Elena Portnoy's final
7  removal order were dismissed for lack of subject matter jurisdiction because all challenges to
8  final orders of removal are to be filed in the United States Circuit Courts of Appeals.  (Findings
9  & Recommendations filed Aug. 10, 2006 in case No. CIV-S-05-0649 DFL KJM PS, at 1-2,
10 adopted in full by Order filed Sept. 26, 2006.)  Summary judgment was granted for defendants on
11 plaintiffs' remaining claims in that action.  Claims challenging the denial of Sergei Portnoy's
12 petition for immediate relative status for Elena Portnoy and the denial of Elena Portnoy's
13 application to adjust status to lawful permanent resident were found to be barred under the
14 principles of res judicata.  (<u>Id.</u> at 2.)  In addition, it was determined that plaintiffs had failed to
15 exhaust their administrative remedies with respect to the petition for immediate relative status
16 and the application for adjustment of status.  (<u>Id.</u>)  Claims challenging the denial of plaintiff
17 Elena Portnoy's application for naturalization were found to lack merit because a <u>de</u> <u>novo</u> review
18 of the record revealed that plaintiff could not overcome her failure to establish the statutory
19 prerequisite of being lawfully admitted to the United States as a permanent resident.  (<u>Id.</u>)  In the
20 absence of a valid challenge to the denial of Elena Portnoy's application for naturalization,
21 defendants were entitled to summary judgment on her Fifteenth Amendment claim of having
22 been denied the right to vote in federal elections.  (<u>Id.</u> at 2-3.)  The district judge's order adopting
23 the magistrate judge's findings and recommendations, granting defendants' motion to dismiss
24 plaintiffs' claim contesting the final removal order, and granting defendants' motion for
25 summary judgment on plaintiffs' remaining claims was affirmed on appeal on April 9, 2007.
26 /////

In case No. CIV S-08-1266, the assigned magistrate judge found that plaintiffs' complaint was very similar to the complaint in their 2005 case. (Order filed Sept. 9, 2008 in case No. CIV S-08-1266 MCE GGH PS, at 2-3.) The magistrate judge explained the defects of the pleading in detail and granted plaintiffs "one opportunity to amend their complaint in order to state a cognizable claim against proper defendant(s) that has not previously been decided by this court." (Id. at 5.) Upon finding that plaintiffs' amended complaint contained allegations virtually identical to the allegations in their 2005 case, the magistrate judge recommended that the action be dismissed due to its duplicative nature. (Findings & Recommendations filed Dec. 11, 2008 in case No. CIV-S-08-1266 MCE GGH PS, at 1.) The findings and recommendations were adopted in full by order filed April 6, 2009, and that order of dismissal was affirmed on appeal on June 30, 2009.

In this action, plaintiffs' complaint again contains factual allegations virtually identical to the allegations in their 2005 and 2008 cases, except for the additional allegation that plaintiff Elena Portnoy was arrested by defendants on July 10, 2009 and taken into custody. Plaintiffs assert eleven claims for relief, of which ten were previously raised in plaintiffs' 2005 and 2008 cases. The ten duplicative claims challenge defendants' denial of plaintiff Sergei Portnoy's petition for immediate relative status for Elena Portnoy, defendants' denial of plaintiff Elena Portnoy's application for adjustment of status, and defendants' denial of plaintiff Elena Portnoy's application for naturalization.[1] Plaintiffs' eleventh claim is an assertion that plaintiff Elena Portnoy's arrest has deprived her of liberty in violation of the Fifth Amendment. This conclusory assertion appears to attack plaintiff Elena Portnoy's final removal order.

The undersigned finds that this action is duplicative of the actions previously filed

---

[1] In their eighth and ninth claims, plaintiffs now allege that defendants have deprived plaintiff Elena Portnoy of the rights to earn money, work, and receive Social Security benefits. Like plaintiffs' claim that plaintiff Elena Portnoy has been denied the right to vote in federal elections, these claims are predicated on plaintiffs' challenge to the denial of plaintiff Elena Portnoy's application for naturalization, a challenge that was adjudicated in defendants' favor in plaintiffs' 2005 case.

by plaintiffs.  Accordingly, the undersigned will recommend that the action be dismissed as duplicative and that the dismissal be with prejudice, as it is now evident that plaintiffs cannot overcome the district court's lack of subject matter jurisdiction over challenges to final orders of removal or the res judicata bar arising from plaintiffs' previous litigation.

Plaintiffs' complaint was accompanied by an emergency motion for preliminary injunction.  The motion was denied in orders filed by the assigned district judge on July 16, 2009 and July 17, 2009.  Plaintiffs have filed a renewed motion for temporary injunctive relief along with an "informal" brief and a notice concerning lack of notice to the affected parties.  Plaintiffs have not cured the defects of their emergency motion, and the renewed motion should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' July 20, 2009 motion for temporary injunctive relief (Doc. No. 10) be denied for failure to file a brief that addresses all relevant issues presented in the motion, affidavits that justify the relief plaintiffs seek, and an acceptable explanation for the failure to provide notice of the motion to the affected parties; and

2. This action be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, plaintiffs may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2009.

DAD:kw
Ddad1\orders.prose\portnoy1935.dism.dup

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

4